BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
J.P. SCHREIBER, CA Bar No. 317829
john.schreiber@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendants
CYRUSONE LLC and CYRUSONE
MANAGEMENT SERVICES LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE HSIEH, an individual,<br><br>            Plaintiff,<br><br>        v.<br><br>CYRUSONE, LLC, Delaware limited liability company; CYRUSONE MANAGEMENT SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.  3:21-cv-4817<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>**(DIVERSITY JURISDICTION)**<br><br>Complaint Filed:  April 21, 2021<br>Trial Date:        None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, Defendants CYRUSONE LLC and CYRUSONE MANAGEMENT SERVICES LLC (together, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California.  Defendants allege the following grounds for removal:

**I.       PROCEDURAL BACKGROUND**

1.      On April 21, 2021, Plaintiff Jane Hsieh filed a Complaint initiating this proceeding against Defendants in the Superior Court of the State of California for the County of Santa Clara, entitled *Jane Hsieh , an individual, vs. CyrusOne, LLC, Delaware limited liability company, and CyrusOne Management Services, LLC, Delaware limited liability company, and DOES 1-10, inclusive*, Case No. 21CV382004.

2.      Defendants both received service of the Complaint on May 24, 2021.  A copy of the Summons and Complaint and all other documents served on Defendants is attached as **Exhibit A**.

3.      On June 22, 2021, Defendants filed their Answer in Santa Clara County Superior Court.  A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

4.      Plaintiff's Complaint asserts claims against Defendants for: (1) failure to pay minimum, overtime, and vacation wages; (2) failure to provide rest breaks; (3) failure to provide meal breaks; (4) failure to reimburse business expenses; (5) unlawful deduction of wages; (6) failure to timely pay final wages; (7) failure to provide accurate itemized wage statements; (8) violation of unfair competition laws; (9) discrimination in violation of California's Fair Employment & Housing Act ("FEHA"); and (10) declaratory relief.

**II.      VENUE**

5.      As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the State in which the action is pending.  The state court action was pending in Alameda County Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

### III.   REMOVAL IS TIMELY

6.      As required by 28 U.S.C. § 1446(b), Defendants timely filed this Notice of Removal within 30 days after Defendants were served with a copy of the Summons and Complaint on May 24, 2021.  *See* **Exhibit A**.

### IV.   FEDERAL COURT JURISDICTION—DIVERSITY OF CITIZENSHIP

#### A.   Complete Diversity Exists

7.      This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.      Plaintiff is a citizen of the State of California and domiciled in California.  (*See* Complaint, Exhibit A, ¶ 1).  Plaintiff's allegation that she is, and at all relevant times was, a Santa Clara County, California resident is *prima facie* evidence that she is domiciled in California for purposes of diversity.  (*Id.*).

9.      Defendant CyrusOne Management Services LLC is, and at all relevant times was, a limited liability company organized under the laws of Delaware, with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  (Declaration of Luke Frutkin ["Frutkin Decl."], ¶ 3).  CyrusOne Management Services, LLC was not at any time and is not currently a citizen of the State of California.  *Id*.  The sole member of defendant CyrusOne Management Services, LLC is CyrusOne Inc.  (Frutkin Decl., ¶ 4).  CyrusOne Inc. is, and at all relevant times was, a corporation organized under the laws of Maryland with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  *Id*.  Therefore, defendant CyrusOne Management Services LLC is a citizen of Delaware, Texas, and Maryland for the purposes of determining complete diversity under 28 U.S.C. § 1332.

10.     Co-defendant CyrusOne LLC is, and at all relevant times was, a limited liability company organized under the laws of Delaware, with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  (Frutkin Decl., ¶ 5).  CyrusOne, LLC

was not at any time and is not currently a citizen of the State of California.  The sole member of defendant CyrusOne LLC is CyrusOne LP.  (Frutkin Decl., ¶ 6).  CyrusOne LP is, and at all relevant times was, a limited partnership organized under the laws of Maryland with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  *Id*. CyrusOne LP was not at any time and is not currently a citizen of the State of California.  *Id*.

11.     The members of CyrusOne LP are CyrusOne GP, CyrusOne Holdings LLC, and 15 officers and employees of CyrusOne Inc. and CyrusOne Management Services LLC who collectively hold a de minimis number of unvested LTIP units in CyrusOne LP.  (Frutkin Decl., ¶ 7).  None of the 15 officers and employees of CyrusOne Inc. and Cyrus Management Services LLC who hold LTIP units in CyrusOne LP are residents of California.  *Id*.

a.     CyrusOne GP is a statutory trust that is, and at all relevant times was, organized under the laws of Maryland with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  (Frutkin Decl., ¶ 8).  CyrusOne GP was not at any time and is not currently a citizen of the State of California.  *Id*.  The sole beneficial owner and trustee of CyrusOne GP is CyrusOne Inc.  *Id*.  CyrusOne Inc. is, and at all relevant times was, a corporation organized under the laws of Maryland with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  (Frutkin Decl., ¶ 10).  CyrusOne Inc. was not at any time and is not currently a citizen of the State of California.  *Id*.

b.     CyrusOne Holdings LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  (Frutkin Decl., ¶ 9).  CyrusOne Holdings LLC was not at any time and is not currently a citizen of the State of California.  *Id*.  The sole owner of CyrusOne Holdings LLC is CyrusOne Inc.  *Id*.  CyrusOne Inc. is, and at all relevant times was, a corporation organized under the laws of Maryland with its principal place of business located at 2850 N. Harwood St., Suite 2200, Dallas, in the state of Texas.  (Frutkin Decl., ¶ 10).  CyrusOne Inc. was not at any time and is not currently a citizen of the State of California.  *Id*.

12.     Therefore, defendant CyrusOne LLC is a citizen of Delaware, Texas, and Maryland for the purposes of determining complete diversity under 28 U.S.C. § 1332.

13.     The Complaint also names Defendant Does 1 through 10.  Pursuant to 28 U.S.C. § 1441(b)(1) and *Newcomb v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998), the citizenship of these defendants is disregarded.  Thus, all defendants have consented to removal to this Court.

**B.      The Amount in Controversy Exceeds $75,000**

14.     The Complaint does not allege a damage amount as to each claim.  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

15.     In Plaintiff's Complaint, she alleges that Defendants' purported misclassification of her as an exempt employee caused her to suffer significant damages and entitles her to penalties – so the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000.

**1.      First Cause of Action – Failure to Pay Minimum, Overtime, and Vacation Wages**

16.     California Labor Code § 510 provides, *inter alia*, that any work in excess of 8 hours in a workday or 40 hours in a workweek shall be compensated at 1.5 times an employee's regular rate of pay.  Also, any work a nonexempt employee performs over 12 hours in one day shall be compensated at the rate of no less than twice that employee's regular rate of pay.  *Id.*

17.     Here, Plaintiff alleges that she "worked about sixty-five (65) hours per week throughout her employment," but that her "salary only compensated her for up to forty (40) hours of work per week."  (Compl., ¶ 44).  Plaintiff alleges that her employment lasted from March 5, 2018 through January 29, 2021, which is slightly more than 151 weeks.  (Compl., ¶ 11).  Under a conservative assumption that she actually worked 49 weeks per year, which would equate to taking

three weeks off per year,[1] she actually worked for approximately 141 out of those 151 weeks. Therefore, she alleges that she worked approximately 3,525 overtime hours during her employment.[2]  And based on her alleged 65 hours per week, she averaged five overtime hours per week for which she would allegedly be entitled to double pay.  That constitutes 705 out of her 3,525 total alleged overtime hours.

18.     During her employment with CyrusOne, Plaintiff earned a base salary of $135,000 per year.  (Declaration of Leslie Smithart ["Smithart Decl."] ¶ 4, Exh. A).  She also was paid commissions of $59,765.73 in 2018, $179,762.67 in 2019, and $152,114.01 in 2020—averaging out to $130,547.47 per year in commission, which is an understatement of her average yearly commission, as she started with CyrusOne in March 2018 and therefore did not work the entirety of that year.  (Smithart Decl. ¶ 5).  However, using an even more conservative assumption that her average yearly commission would be only $100,000 per year, her regular rate of pay with salary and commission equates to $119.90.[3]  Based on that conservative regular rate of pay, Plaintiff alleges that she was denied **$676,176** in overtime wages alone.[4]

19.     Plaintiff also alleges that she was unlawfully denied her accrued vacation pay, which she accrued at a rate of 10 paid vacation hours per month, as a result of Defendants' alleged "use it or lose it" vacation policy.  (Compl., ¶ 48).  Plaintiff alleges that as a result of Defendants' vacation policy "and Plaintiff's workload in general, Plaintiff rarely took any vacation time during her employment with Defendants."  *Id*.  Under a conservative assumption that she lost only two out of ten hours per month of unpaid vacation time due to Defendants' allegedly unlawful vacation policy, this claim places **$8,153.20** in controversy.[5]

### 2.     Second Cause of Action – Failure to Provide Rest Breaks

20.     The Industrial Welfare Commission Wage Orders and California Labor Code §

---

[1] Plaintiff alleges that she "rarely took any vacation time during her employment with Defendants." (Compl., ¶ 48).  Thus, this is almost certainly an understatement of how many weeks she worked.

[2] 25 overtime hours per week x 141 weeks = 3,525 overtime hours.

[3] ($135,000 in base compensation + $100,000 in commissions) / (49 weeks per year x 40 hours per week) = $119.90

[4] [$119.90 x (3525 – 705) x 1.5] + [$119.90 x 705 x 2] = $676,176

[5] 34 months x 2 x 119.90 = $8,153.20

226.7 provide that employees are entitled to ten-minute rest breaks every four hours or major fraction thereof.  If an employer fails to provide a rest break in accordance with the law, the employee is entitled to one hour of additional pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.  *Id.*

21.     Here, Plaintiff asserts that Defendants denied her rest breaks due to her alleged misclassification as exempt from rest break requirements.  (Compl., ¶¶ 50-57.  As outlined above, Plaintiff alleges that she worked 65 hours per week, or approximately 13 hours per day.  (Compl., ¶ 44).  Therefore, she allegedly missed approximately three rest breaks per day.  Even under the assumption that she only missed one out of a possible three rest breaks per day, the Complaint places **$84,529.50** in controversy based on rest break premiums.[6]

### a.   Third Cause of Action – Failure to Provide Meal Periods

22.     California Labor Code § 512 provides that employees are entitled to  thirty-minute meal periods for every shift in excess of five hours, and to two meal periods for every shift in excess of ten hours.  Like with rest breaks, employees are entitled to one additional hour of pay at their regular rate for each work day that a meal period is missed.

23.     Here, Plaintiff asserts that due to her alleged misclassification as an exempt employee, Defendants failed to provide her meal periods.  (Compl., ¶¶ 58-64).  Based on her alleged schedule of 65 hours per week, or approximately 13 hours per day, she would be entitled to two meal periods per day.  (Compl., ¶ 44).  Indeed, she alleges that she was "required to work for more than ten (10) hours without receiving a second uninterrupted meal period."  (Compl., ¶ 63).  Even under the assumption that she only missed one out of a possible two meal periods per day, the Complaint places **$84,529.50** in controversy based on meal period premiums.[7]

### 3.   Fourth Cause of Action – Failure to Reimburse Business Expenses

24.     Plaintiff asserts that Defendants failed to reimburse her for cellphone usage and internet usage.  (Compl., ¶¶ 65-70).  As these amounts are relatively minimal, Defendants will exclude this claim from its calculation of the amount in controversy.

---

[6] $119.90 x 5 days per week x 141 weeks = $84,529.50

[7] $119.90 x 5 days per week x 141 weeks = $84,529.50

### 4. Fifth Cause of Action – Unlawful Deduction of Wages

25.     Plaintiff also alleges that Defendants "unlawfully deducted certain costs, including administrative costs and/or general overhead incurred by Defendants, from Plaintiff's compensation, even though Defendants were required under California law to bear these expenses." (Compl., ¶¶ 71-77).  However, as these amounts are also likely to be relatively minimal, Defendants will exclude this claim from its calculation of the amount in controversy.

### 5. Sixth Cause of Action – Waiting Time Penalties

26.     Plaintiff alleges "Defendants willfully failed to pay Plaintiff all wages that she earned on her last date of employment – January 29, 2021.  (Compl., ¶ 83).  Thus, Plaintiff alleges that she is "entitled to recover from Defendants the statutory wage for each day she was not paid, up to thirty (30) days maximum, pursuant to California Labor Code section 203.  (*Id*. at ¶ 84).  Here, using her regular rate of pay of $119.90, this claim places **$28,776** in controversy.[8]

### 6. Seventh Cause of Action – Failure to Provide Accurate Wage Statements

27.     Plaintiff alleges that "Defendants failed to provide a wage statement to Plaintiff that complied with the requirements of Labor Code section 226(a)."  (Compl., ¶ 88).  She alleges that she is "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."  (Compl., ¶ 89); *see also* Labor Code § 226(e).  Here, Plaintiff was paid bi-weekly.  (Smithart Decl. ¶ 4, Exh. A).  Since she alleges that she worked approximately 151 weeks for Defendants, she went through approximately 75 pay periods during that timeframe.  As a result, this claim places **$4,000** in controversy given the aggregate cap of $4,000 in penalties.[9]

### 7. Ninth Cause of Action – Discrimination

28.     In addition to her wage and hour claims, Plaintiff alleges that "Defendants assigned Plaintiff to international [sales] accounts in Asia and refused to assign Plaintiff any consequential

---

[8] $119.90 x 30 x 8 = $28,776

[9] (1 x 50) + (74 x 100) = $7,450 (without the $4,000 cap)

accounts in the United States because of her race, national origin and ancestry as a Taiwanese American." (Compl., ¶ 109). Plaintiff alleges that this purported discrimination caused her to "work significantly more hours than her counterparts" – and also "denied [her] the opportunity to represent other accounts, accounts which may have been more lucrative than those assigned to her – directly affecting her earning potential." *Id.* She also alleges that she "suffered substantial loss of benefits." *Id.* at ¶ 110.

29.     Plaintiff's Complaint does not specify which "lucrative" accounts she was denied the opportunity to represent, or how much commission those "lucrative" accounts would have earned. However, based on a conservative assumption that she would have earned 5% more in commission than the total of $391,642.41 that she actually was paid in commission, this claim places **$19,582.12** of economic damages in controversy based on those alleged lost commissions.

30.     Plaintiff also alleges that due to Defendants' alleged discrimination, she suffered from emotional distress "including, but not limited to, loss of sleep, anxiety, tension, depression, humiliation, and loss of confidence." (Compl., ¶ 111). Plaintiffs who seek recovery for emotional distress damages in employment litigation frequently have been awarded emotional distress damages in excess of $75,000. *See Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985, 988 (2004) ($275,000 emotional distress damages); *see also Chambers v. Penske Truck Leasing Corp.*, No. 1:11-cv-0038, 2011 WL 1459155, *3 (E.D. Cal. April 15, 2011) ("A court may consider that emotional distress damages 'are potentially substantial.'"). Although Defendants deny that Plaintiff is entitled to any recovery, by reference to similar litigation proceedings under the same statutory authority, the value of Plaintiff's asserted emotional distress claims alone substantially exceeds the jurisdictional minimum.

31.     Plaintiff also seeks recovery of punitive damages for her discrimination claim. (Compl., ¶ 113). Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n.*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could well exceed the $75,000 jurisdictional minimum. Accordingly, Plaintiff's allegations satisfy the

jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

### 8.    Attorneys' Fees and Costs

32. In addition, Plaintiff seeks costs of suit and attorney's fees.  (Complaint, Prayer.)  When an award of attorneys' fees is authorized by statute, the request for attorneys' fees is properly considered in determining the amount in controversy for removal purposes.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Attorneys' fees awards in other employment actions show that attorneys' fees awards alone regularly exceed $100,000.  *See, e.g.*, *Lippold v. Godiva Chcolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. 2010) ("a typical individual wage and hour case generates fees in excess of $100,000"); *Good Nite Inn Mgmt., Inc. v. Ahmed*, No. A129488, 2011 WL 2565257, at *1-2, 12 (Cal. Ct. App. 1st Dist. June 29, 2011) (affirming attorneys' fees of $210,625.75 to single plaintiff for overtime and missed break claims).

### 9.    Summary of Amount in Controversy

33.    When taken as a whole, and particularly considering Plaintiff's $135,000 base salary plus $130,547.47 in average yearly commissions, the amount demanded by Plaintiff in her Complaint is clearly in excess of the minimum amount required for diversity jurisdiction.

34.    Based on the conservative calculations outlined above, as well as conservative estimates of $20,000 for emotional distress, $50,000 for punitive damages, and $100,000 for attorneys' fees – Plaintiff has placed at least **$1,075,746.32** in controversy.

35.

| Damages | Amount |
|---|---|
| Overtime | $676,176.00 |
| Vacation Pay | $8,153.20 |
| Meal Period Premiums | $84,529.50 |
| Rest Period Premiums | $84,529.50 |
| Waiting Time Penalties | $28,776.00 |

| Wage Statement Violations | $4,000.00 |
|---|---|
| Discrimination (Economic Damages) | $19,582.12 |
| **Subtotal of Alleged Economic Damages** | **$905,746.32** |
| Emotional Distress | $20,000 |
| Punitive Damages | $50,000 |
| Attorneys' Fees | $100,000 |
| **Total** | **$1,075,746.32** |

## V.    SATISFACTION OF OTHER PROCEDURAL REQUIREMENTS

### A.    Copies of Process, Pleadings, and Orders

36.     As required by 28 U.S.C. § 1446, Defendants hereby provide this Court with copies of all process, pleadings, and orders received by Defendants in this action, which are attached hereto as **Exhibit C**.  Defendants have not received any pleading, process, or order besides those attached.

### B.    Notice to Plaintiff and State Court

37.     As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice to Plaintiff of Defendants' filing of this Notice of Removal, and Defendants will file a copy of the Notice with the clerk of the Santa Clara County Superior Court.

### C.    Notice of Interested Parties

38.     As required by Rule 7.1, Defendants concurrently filed their Certification of Interested Parties.

## VI.    CONCLUSION

39.     Accordingly, Defendants remove the above-entitled action to this Court.

\\

\\

\\

\\

\\

1

40.     In the event this Court has a question regarding the propriety of this Notice of

2

Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may

3

have an opportunity to address any such question.

4

5

6

DATED:  June 23, 2021                          OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.

7

8

9

By:  /s/ Brian D. Berry
                                               BRIAN D. BERRY

10

                                               J.P. SCHREIBER

11

                                               Attorneys for Defendants

12

                                               CYRUSONE LLC and CYRUSONE
                                               MANAGEMENT SERVICES LLC

13

14

15

                                                                       47598482.1

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.   3:21-cv-4817

# EXHIBIT A

E-FILED
4/21/2021 4:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV382004
Reviewed By: R. Cachux

BOREN, OSHER & LUFTMAN, LLP
Stephen Z. Boren (SBN 192024)
sboren@bollaw.com
Lance M. Williams (SBN 282508)
lwilliams@bollaw.com
222 North Pacific Coast Hwy, Suite 2222
El Segundo, CA 90245
Telephone: (310) 322-2021
Facsimile: (310) 322-2228

Attorneys for Plaintiff,
JANE HSIEH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| JANE HSIEH, an individual, | Case No.:   21CV382004 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | (1)  FAILURE TO PAY MINIMUM, OVERTIME AND VACATION WAGES; |
| CYRUSONE, LLC, a Delaware limited liability company; CYRUSONE MANAGEMENT SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive, | (2)  FAILURE TO PROVIDE REST BREAKS; (3)  FAILURE TO PROVIDE MEAL PERIODS; (4)  FAILURE TO REIMBURSE BUSINESS EXPENSES; |
| Defendants. | (5)  UNLAWFUL DEDUCTION OF WAGES; (6)  FAILURE TO TIMELY PAY FINAL WAGES; (7)  FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS; (8)  VIOLATION OF UNFAIR COMPETITION LAWS; (9)  DISCRIMINATION IN VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT; and (10) DECLARATORY RELIEF |
| | **<u>DEMAND FOR JURY TRIAL</u>** |

**COMES NOW**, Plaintiff JANE HSIEH ("Plaintiff" or "Hsieh") hereby alleges the following causes of action against Defendants CYRUSONE, LLC, CYRUSONE MANAGEMENT SERVICES, LLC, and DOES 1 through 10 (collectively "Defendants"), and each of them, as follows:

## THE PARTIES

1.      At all times material herein, Plaintiff was and is a resident of the State of California, County of Santa Clara. From March 5, 2018 until January 29, 2021, Plaintiff was employed by Defendants in the State of California, County of Santa Clara. However, Defendants misclassified Plaintiff as an exempt employee throughout her employment when she was in fact a non-exempt employee entitled to overtime as well as rest and meal breaks.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant CyrusOne, LLC is, and at all times mentioned in this Complaint was, a Delaware corporation with its principal place of business in Texas, and conducted business in the State of California, County of Santa Clara by virtue of employing Plaintiff and others in that County and in the State of California.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant CyrusOne Management Services, LLC is, and at all times mentioned in this Complaint was, a Delaware corporation with its principal place of business in Texas, and conducted business in the State of California, County of Santa Clara by virtue of employing Plaintiff and others in that County and in the State of California.

4.      Defendants DOES 1 through 10 are sued under fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the Defendants named as DOE Defendants are legally responsible in some manner for, and proximately caused, the harm and damages alleged below to Plaintiff. Plaintiff will in the future seek leave of this Court to show the true names and capacities of these DOE Defendants if and when they have been ascertained. The named Defendants and DOE Defendants are sometimes hereinafter referred to collectively, and/or individually, as "Defendants," acting individually, jointly, or severally, or any combination of the aforementioned. Plaintiff is informed and believes and based thereon alleges that each of the Defendants herein acted and functioned as the employee, agent, partner, alter-ego, and/or joint venture of each of the other Defendants and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent, and ratification of each of the other Defendants.

**GENERAL ALLEGATIONS**

5.      Plaintiff brings this action against Defendants and each of them because they engaged in numerous unlawful activities in violation of the Labor Code and the applicable Industrial Welfare Commission Order stemming from Defendants' failure to pay regular wages, failure to pay overtime wages, failure to provide paid rest breaks, failure to provide mandated meal periods, failure to reimburse business expenses, failure to timely pay final wages, failure to provide accurate itemized wage statements, and violation of unfair competition laws. Furthermore, Defendants discriminated against Plaintiff based on her race and ethnicity in violation of California's Fair Employment and Housing Act ("FEHA").

6.      Because Plaintiff was misclassified by Defendants as an exempt employee throughout her employment, she was never provided with accurate, itemized paystubs by Defendants.  Plaintiff hereby reserves her right to amend this Complaint once additional information is discovered.  Plaintiff is informed and believes and based thereon alleges that Defendants and each of them failed to keep and maintain proper records regarding her employment, including records which accurately reflect the amounts of regular and overtime hours Plaintiff worked for Defendants.

7.      Plaintiff alleges that she was directly and/or indirectly harmed and has suffered damages as a result of Defendants' aforementioned violations.

8.      Plaintiff therefore seeks the recovery of her unpaid regular, minimum, and overtime wages, unreimbursed business expenses, statutory penalties, interest, costs, and attorney's fees pursuant to Labor Code sections 201, 203, 226, 226.7, 510, 1194, and 2802.

9.      Plaintiff also brings this action seeking a judicial declaration regarding Plaintiff's rights under a written contract entered into between Plaintiff and Defendants entitled "Non-Disclosure and Non-Competition Agreement" (hereafter the "Non-Competition Agreement"). Plaintiff was required to sign this Non-Competition Agreement in order to be employed by Defendants.  Attached hereto as Exhibit A is a true and correct copy of the Non-Competition Agreement. Plaintiff desires a judicial declaration that (a) the Texas choice of law and forum in the Non-Competition Agreement are void and unenforceable as a violation of California Labor Code section 925 and against California public policy, that California law should govern all disputes between the parties relating to the Non-Competition Agreement and that any

PLAINTIFF'S COMPLAINT

such disputes should be adjudicated in California; and (b) the non-solicitation and non-compete clauses in the Non-Competition Agreement are void and unenforceable as against California public policy.

## **FACTUAL ALLEGATIONS**

10.     At all times relevant to this action, Defendants were a real estate investment trust company.

11.     Plaintiff was employed by Defendants from on or about March 5, 2018 through January 29, 2021.

12.     Plaintiff's first position with Defendants was Business Development Manager.   Her compensation included a base salary and commissions based on certain sales; however, Defendants changed her commission structure frequently.

13.     A significant component of Plaintiff's job duties required her to remain involved with accounts and the projects after acquiring the accounts so as to keep the projects on budget and completed on time.   Thus, in addition to prospecting to create and cultivate business relationships with clients, Plaintiff also performed the following tasks: (a) providing customer service duties such as remaining actively involved with accounts' projects, which included but was not limited to, (i) regularly checking in with the project manager, (ii) checking on the status of vendors, (iii) weekly meetings with accounts, and (iv) addressing any of the concerns or questions for the key contacts of the accounts; (b) attending team building activities, administrative meetings, and training seminars; and (c) leading and managing Defendants' global partner program. Plaintiff was awarded the International Ambassador Award for 2018 for such leadership of the global partner program.

14.     However, during the entirety of her employment, Defendants misclassified Plaintiff as an exempt employee. Plaintiff alleges on information and belief that all other sales professionals working with Defendants in California were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during her employment.

15.     In or about December 2018, Defendants promoted Plaintiff to Account Director. Plaintiff's job duties did not change, however, after she was promoted. Furthermore, Defendants did not increase Plaintiff's base pay or provide any other increase in her compensation structure.   During her employment, Plaintiff (who was misclassified as an exempt employee) was subject to the direction and control of

Defendants in regard to the manner in which she performed her job. For example, Defendants required Plaintiff to utilize the Defendants' systems, purchase contracts and invoices.

16.     Plaintiff was also required to sign an invalid and non-enforceable Non-Competition Agreement as part of her employment with Defendants which illegally prohibits Plaintiff from "providing or performing services that are similar to any services that Employee provided to or performed for the Company during Employee's employment with the Company" for a period of one (1) year from the date of her separation from Defendants, even as an employee for another company. The illegal non-compete was designed to deprive Plaintiff of her rights to mobility and to pursue her chosen profession after separating from Defendants, in violation of Section 16600 of California's Business and Professions Code.

17.     Furthermore, Defendants directly and indirectly exercised control over the hours that Plaintiff worked and the wages that she earned. Plaintiff further alleges that at all times during her employment as either a Business Development Manager or an Account Director, she did not qualify for any exemption, and Plaintiff was what is commonly referred to as a non-exempt employee.

18.     Throughout her employment with Defendants, Plaintiff did not qualify for the Outside Salesperson Exemption because she did not spend more than 50% of her working time outside of Defendants' places of business engaged in exempt sales activities. Rather, Plaintiff estimates that throughout her employment, she spent approximately 90% of her working time inside her home office in the County of Santa Clara. Most of Plaintiff's prospecting occurred via telephone or video because Defendants limited the amount of her travel due to "budget control." For instance, Plaintiff's last international business trip was in or about October 2018.

19.     Moreover, Plaintiff's job duties included a variety of tasks which were merely incidental to sales or unrelated to sales, such as servicing clients after sales had already been made or attending administrative meetings or events required by Defendants.

20.     Furthermore, although a portion of Plaintiff's wages were composed of earned commissions, Plaintiff did not earn more than 50% of her total compensation in the form of earned commissions, and therefore she did not fulfill the requirements of the inside sales exemption under the Fair Labor Standards Act ("FLSA") or under California's wage orders. Not only did earned commissions

comprise less than 50% of her annual compensation, but in an overwhelming majority of pay periods during her employment for Defendants, Plaintiff was not paid any commissions at all.

21.     Finally, throughout her employment, Plaintiff's job duties did not primarily (i.e., more than 50% of the time) involve: (a) the management of Defendants' business or a customarily recognized department or subdivision thereof; (b) office or non-manual work directly related to management policies or general business operations of Defendants or Defendants' customers; or (c) work related to a learned art or profession.   Furthermore, Plaintiff did not customarily and regularly exercise discretion and independent judgment about matters of substantial importance to Defendants.

22.     As a result of Defendants' uniform policies and practices, including its misclassification of Plaintiff as an exempt employee, Plaintiff was subjected to a multitude of Labor Code violations.

23.     For instance, throughout her employment, Plaintiff typically worked about sixty-five (65) hours per week, and Defendants failed to pay Plaintiff any overtime.

24.     Defendants also failed to provide Plaintiff with ten (10) minutes of net rest break time for every four (4) hours worked, or major fraction thereof, as mandated by California law. Throughout her employment, Defendants improperly classified Plaintiff as an exempt employee and on that basis took no measures to provide her with meal breaks, as mandated by the California Labor Code and the Industrial Welfare Commission. Plaintiff was not provided 30-minute off-duty meal periods, as mandated by California law, during her employment with Defendants. As a result of Defendants' policies and practices, Plaintiff was subjected to meal period violations when she was: (a) unable to take a meal period due to workload, (b) forced to take a meal period after the fifth hour of work, and (c) not provided a mandated second meal period on shifts in excess of ten (10) hours.

25.     Furthermore, by misclassifying Plaintiff, Defendants also had no policy and/or practice to pay a premium when rest and/or meal periods were missed, and thus failed to pay Plaintiff compensation at the rate of one hour's pay for each day she was deprived of her rest period(s) or her meal period(s).

26.     Throughout her employment, Plaintiff was non-exempt from California's overtime payment mandate, and therefore was entitled to overtime compensation (defined as one-and-one-half times her "regular rate of pay") for all hours worked in excess of eight (8) in a day or forty (40) in a week. Throughout her employment, Plaintiff consistently worked more than eight (8) hours per day and/or more

than forty (40) hours per week. In fact, Plaintiff estimates that she worked about sixty-five (65) hours per week throughout her employment. In the rare event when Plaintiff took a vacation, such as in late December 2019, she still had to perform work duties. Additionally, Plaintiff usually had a telephone call scheduled on Sundays at 9:00 pm PST with an account in China after which she worked normally for several hours. Since Plaintiff was a non-exempt employee, she was entitled to overtime pay for all the overtime hours she worked.

27. Throughout Plaintiff's employment, Defendants compensated Plaintiff with a fixed, annual salary, which was paid in regular, bi-weekly installments, and commissions when earned. Pursuant to the terms of Labor Code section 515(d)(2), the salary paid by Defendants only compensated Plaintiff for her regular, non-overtime hours, leaving her totally uncompensated for any hours Plaintiff worked in excess of eight (8) hours per day or forty (40) hours in a week. "Payment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary." (Labor Code § 515(d)(2).) Therefore, as a direct and proximate result of the violations of law by Defendants, Plaintiff worked a substantial number of hours without receiving overtime wages from Defendants. Because Plaintiff was totally uncompensated for any hours Plaintiff worked in excess of eight (8) hours per day or forty (40) hours per week, pursuant to California Labor Code section 1194.2, she is also entitled to recover liquidated damages in an amount equal to the minimum wages she was not paid by Defendants.

28. Plaintiff was forced to incur expenses while discharging her duties for Defendants, including, but not limited to, cellphone and internet usage. More specifically, Defendants failed to provide Plaintiff with an office phone to use for work, thereby forcing Plaintiff to use her personal cellphone to make any work-related calls. However, Defendants only provided Plaintiff with a cellphone allowance from 2018 until about mid-2019. Additionally, as an employee who primarily worked remotely from her home, Plaintiff was forced to incur expenses to maintain internet in her home office. Defendants failed to reimburse Plaintiff for the full amount the cell phone expenses she incurred as a result of her work duties, and Defendants failed to reimburse Plaintiff whatsoever for internet in her home office. Despite Plaintiff incurring these and other expenses in direct consequence of the discharge of her duties for Defendants, Plaintiff was not reimbursed for such expenses.

29.     Furthermore, Defendants did not consistently provide Plaintiff with commissions statements and as a result, Plaintiff is unable to determine the full amount of her commissions owed to her, which will be the subject of discovery in this action. Plaintiff reserves the right to amend this Complaint as Plaintiff learns more information regarding her commissions.

30.     Throughout Plaintiff's employment, she accrued ten (10) paid vacation hours per month, or one-hundred-twenty (120) paid vacation hours per year. However, Defendants developed and used an unlawful "use it or lose it" vacation policy, as set forth in Defendants' Employee Policies & Procedures Manual. Under this policy, all of Plaintiff's earned vacation in a calendar year would be forfeited if she did not take the vacation by the end of the calendar year in which it was earned. This forfeiture of accrued vacation time is unlawful in the State of California. (*Suastez v. Plastic Dress Up* (1982) 31 Cal.3d 774). As a result of this policy and Plaintiff's workload in general, Plaintiff rarely took any vacation time during her employment with Defendants. In the rare event in which she did take vacation, such as in late December 2019, she still had to perform work duties while on vacation. Defendants' unlawful "use it or lose it" vacation policy resulted in the forfeiture of Plaintiff's accrued vacation time. Defendants further failed to pay the full amount of unused and accrued vacation time owed to Plaintiff on the last date of her employment, as required by California law.

31.     During Plaintiff's employment, Defendants assigned only international accounts from the Asian continent to Plaintiff.  During her employment, Plaintiff expressed her dissatisfaction with this assignment not only because such assignments required her to work an irregular schedule (due to the time change) and more hours than other similarly situated employees, but also because she wanted to have access to a variety of accounts, not just Asian-based accounts. Furthermore, Plaintiff is informed and believes that she was only assigned these accounts due to her race, national origin and ancestry. Plaintiff is Taiwanese American. This discrimination caused Plaintiff to work significantly more hours than her counterparts as she had to cater to accounts in Asia during business hours in Asia while simultaneously maintaining regular work hours in the United States.

32.     Plaintiff expressed to Defendants that she wanted Defendants to treat her like other employees and assign her accounts within the United States as well.  As a result of Plaintiff's complaints, Defendants finally assigned some accounts other than those which were Asian-based and/or Asian-owned

businesses to her; however, except for one account, the remaining accounts were small and inconsequential in comparison to accounts that were assigned to other similarly situated employees.

33.     On January 15, 2021, Plaintiff provided Defendants two (2) weeks' notice of her intent to resign her employment, effective January 29, 2021. After giving notice and before her last day of employment January 29, 2021, Plaintiff worked diligently to transition her accounts, coordinate with her co-workers, and otherwise took action to ensure the transition was as smooth as possible for Defendants. For example, Plaintiff ensured that relevant documents were uploaded to One Drive, reviewed and organized various folders and documents to ensure co-workers could pick up where she left off, and participated in a conference call with Scott Hanna, Colleen Sherman, and Maria Camacho to review all the documents that she had organized.

34.     Defendants willfully failed to pay Plaintiff all wages that she earned as of her last date of employment on January 29, 2021. Though Defendants provided Plaintiff with her final paycheck on January 29, 2021, the paycheck did not include compensation for Plaintiff's overtime wages or her accrued but unused vacation hours. Defendants knew or should have known that Plaintiff was entitled to overtime compensation but failed to provide her with any overtime owed to her on the last date of her employment, or at any time thereafter. Furthermore, Defendants' unlawful "use it or lose it" vacation policy resulted in the forfeiture of Plaintiff's accrued vacation time, and Defendants failed to pay the full amount of unused and accrued vacation time owed to Plaintiff on the last date of her employment.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM, OVERTIME, AND VACATION WAGES
### IN VIOLATION OF CAL. LABOR CODE §§ 510, 1194, 1194.2, AND 1197
#### (Against All Defendants)

35.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

36.     Pursuant to Labor Code sections 1194, 1194.2, and 1197, it is unlawful for an employee to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked.

37.     Pursuant to Industrial Welfare Commission Wage Order number 4, subdivision 2(k), at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

38.     Labor Code section 1197 states, in full: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

39.     California Labor Code section 1194, subdivision (a), states that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.     Furthermore, California Labor Code section 510 mandates that any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh (7th) day of work in any one (1) workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

41.     California Labor Code section 510 also requires that any work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

42.     Further, California Labor Code section 1194 states, in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

43.     As set forth above, throughout her employment with Defendants, Plaintiff was misclassified as an exempt employee because she did not meet the requirements for any applicable exemptions from overtime compensation or the requirement to be paid at least the applicable California minimum wage.

44.     As such, at all times during her employment, Plaintiff was entitled to overtime compensation (defined as one-and-one-half times her "regular rate of pay) for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a week. Throughout her employment, Plaintiff consistently worked more than eight (8) hours per day and/or more than forty (40) hours per week. In fact, Plaintiff estimates that she worked about sixty-five (65) hours per week throughout her employment. However, because Defendants classified Plaintiff as an exempt employee and did not track or pay her for overtime hours, Plaintiff did not receive proper overtime wages for hours in excess of eight (8) and/or twelve (12) hours per day and/or forty (40) hours per week. In fact, due to Labor Code section 515(d)(2), Plaintiff's salary only compensated her for up to forty (40) hours of work per week. Therefore, Plaintiff was totally uncompensated for any hours Plaintiff worked in excess of eight (8) hours per day or forty (40) hours per week.

45.     Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff for each hour worked in violation of Labor Code sections 510, 1194 and 1197.

46.     Plaintiff has been deprived of her rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs pursuant to California Labor Code sections 510, 1194, 1197 and 1198.

47.     Furthermore, pursuant to California Labor Code section 1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid minimum wages, plus interest thereon.

48.     Finally, throughout Plaintiff's employment with Defendants, she accrued ten (10) paid vacation hours per month, or one-hundred-twenty (120) paid vacation hours per year. However, Defendants used an unlawful "use it or lose it" vacation policy, as set forth in Defendants' Employee Policies & Procedures Manual. Under this policy, all of Plaintiff's earned vacation in a calendar year would be forfeited if she did not take the vacation by the end of the calendar year in which it was earned. This forfeiture of accrued vacation time is unlawful in the State of California. (*Suastez v. Plastic Dress Up* (1982) 31 Cal.3d 774).  As a result of this policy and Plaintiff's workload in general, Plaintiff rarely took any vacation time during her employment with Defendants. In the rare event in which she did take

vacation, such as in late December 2019, she still had to perform work duties while on vacation. Defendants' unlawful "use it or lose it" vacation policy resulted in the forfeiture of Plaintiff's accrued vacation time. Defendants further failed to pay the full amount of unused and accrued vacation time owed to Plaintiff on the last date of her employment, as required by California law.

49.    Plaintiff has been deprived of her rightfully earned overtime and vacation wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs pursuant to California Labor Code sections 201 and 227.3.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**(Against All Defendants)**

50.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

51.    Plaintiff was an employee of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

52.    Labor Code section 226.7 requires employers, including Defendants, to provide rest breaks to its non-exempt employees as mandated by Order of the Industrial Welfare Commission.

53.    The applicable Industrial Welfare Commission Wage Order number 4 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four (4) hours or major fraction thereof that they are required to work. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

54.    Pursuant to Labor Code section 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

55.    California Labor Code section  226.7 states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission" and additionally, that "[i]f an employer fails to provide an employee a meal period or rest

11

period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

56. During her employment, Defendants willfully required Plaintiff to work four (4) or more hours without authorizing or permitting a 10-minute rest period per each four (4) hour period worked. Defendants also had no policy and/or practice to pay a premium when rest periods were missed, as a result of misclassifying her as an exempt employee, and thus failed to pay Plaintiff the one hour of pay due. As such, Plaintiff did not receive 10-minute rest periods for every four (4) hours of work or major fraction thereof, as mandated by the California Labor Code and the Industrial Welfare Commission.  Furthermore, Plaintiff did not receive compensation at the rate of one (1) hour's pay for each day she was deprived of her rest period(s).

57. Plaintiff has been deprived of her right to rest breaks as a direct and proximate result of Defendants' failure and refusal to recognize said breaks.  Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 226.7 for their violations of the Industrial Welfare Commission wage orders regarding rest breaks.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Against All Defendants)

58. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

59. Plaintiff was an employee of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

60. California Labor Code section 512 (a) states in full, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without

providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

61.     At all relevant times herein, Plaintiff was denied the 30-minute meal periods to which she was entitled.

62.     During her employment, Plaintiff worked during meal periods, and Defendants failed to compensate Plaintiff for work performed during meal periods. Defendants improperly classified Plaintiff as an exempt employee and on that basis took no measures to provide her meal breaks. Defendants also had no policy and/or practice to pay a premium when meal periods were missed, as a result of misclassifying her as an exempt employee, and thus failed to pay Plaintiff the one (1) hour of pay due.

63.     Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period, and was also required to work for more than ten (10) hours without receiving a second uninterrupted meal period. Furthermore, Plaintiff did not receive compensation at the rate of one hour's pay for each day she did not receive an uninterrupted meal period.

64.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 226.7 for their violations of the Industrial Welfare Commission wage orders regarding meal periods.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**IN VIOLATION OF CAL. LABOR CODE SECTION § 2802**

**(Against All Defendants)**

65.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

66.     At all times mentioned herein California Labor Code section 2802 et seq. were in full force and effect and were binding on Defendants and each of them.

67.     California Labor Code section 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the

1   discharge of his or her duties, or of his or her obedience to the directions of the employer, even though

2   unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

3       68.    While acting on the direct instruction of Defendants and discharging her duties for them,

4   Plaintiff incurred work-related expenses, including but not limited to: cellphone usage and internet usage.

5   More specifically, Defendants failed to provide Plaintiff with an office phone to use for work, thereby

6   forcing Plaintiff to use her personal cellphone to make any work-related calls. However, Defendants only

7   provided a cellphone allowance to Plaintiff from 2018 until mid-2019. Additionally, as an employee who

8   primarily worked remotely from her home, Plaintiff was forced to incur expenses to maintain internet in

9   her home office. Consequently, Defendants failed to reimburse Plaintiff for the full amount of the

10   cellphone expenses she incurred as a result of her work duties, and Defendants failed to reimburse Plaintiff

11   whatsoever for internet in her home office. Despite Plaintiff incurring these and other expenses in direct

12   consequence of the discharge of her duties for Defendants, Plaintiff was not reimbursed for such expenses.

13       69.    Defendants have failed to indemnify or reimburse Plaintiff for these expenditures and

14   losses.  By requiring Plaintiff to pay for these expenses in direct discharge of her duties for Defendants

15   and/or in obedience to Defendants' direction, and by failing to reimburse Plaintiff for these expenses,

16   Defendants have violated and continue to violate California Labor Code section 2802.

17       70.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial

18   losses according to proof, as well as prejudgment interest, costs, and attorney fees for the prosecution of

19   this action.

## FIFTH CAUSE OF ACTION

### UNLAWFUL DEDUCTION OF WAGE

### IN VIOLATION OF CAL. LABOR CODE §§ 221-223

### (Against All Defendants)

24       71.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth

25   herein.

26       72.    Plaintiff was in fact an employee of Defendants who did not receive proper protections and

27   benefits of California's laws prohibiting unlawful deductions of earned wages.

28   / / /

73.     California Labor Code section 221 states that "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." California Labor Code section 221 reflects "California's strong public policy favoring the protection of employees' wages, including amounts earned through commissions on sales." *Sciborski v. Pacific Bell Directory* (2012) 205 Cal.App.4th 1152, 1166. Furthermore, Labor Code section 219 states that the protections of Labor Code section 221 cannot "be contravened or set aside by a private agreement." Therefore, the rights under Labor Code section 221 are nonnegotiable and thus cannot be waived by the parties. *Sciborski, supra* at 1166. Also, under California Labor Code sections 219 and 221, an employer may not "require its employees to consent to unlawful deductions from their wages." *Hudgins, supra* at 1124.

74.     Here, Plaintiff is informed and believes and based thereon alleges that Defendants unlawfully deducted certain costs, including administrative costs and/or general overhead incurred by Defendants, from Plaintiff's compensation, even though Defendants were required under California law to bear these expenses.

75.     Plaintiff is therefore entitled to recover the full amount of these unlawful deductions.

76.     Defendants did not consistently provide Plaintiff with commissions statements and as a result, Plaintiff is unable to determine the full amount of unlawful deductions and/or improper adjustments of her compensation, which will be the subject of discovery in this action. Plaintiff reserves the right to amend this Complaint as more information is uncovered regarding Plaintiff's commissions and compensation.

77.     As a result of the unlawful employment practices alleged herein, Plaintiff has suffered substantial losses according to proof, as well as prejudgment interest, costs, and attorney fees for the prosecution of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S COMPLAINT

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY FINAL WAGES**

**IN VIOLATION OF CAL. LABOR CODE §§ 201-203**

**(Against All Defendants)**

78.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

79.     Plaintiff was an employee of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

80.     Labor Code section 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

81.      Labor Code section 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than seventy-two (72) hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

82.     Labor Code sections 201-203 and 256 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

83.     Here, Defendants willfully failed to pay Plaintiff all wages that she earned on her last date of employment – January 29, 2021. Specifically, when Defendants provided Plaintiff with her final paycheck on January 29, 2021, it did not include Plaintiff's unpaid overtime wages or compensation for her accrued but unused vacation. Defendants' unlawful "use it or lose it" vacation policy resulted in the forfeiture of Plaintiff's accrued vacation time, and Defendants failed to pay the full amount of unused and accrued vacation time owed to Plaintiff on the last date of her employment. Finally, Defendants knew or should have known that Plaintiff was entitled to overtime compensation but failed to provide her with any overtime owed to her on the last date of her employment, or at any time thereafter.

84.     As a result of the unlawful employment practices alleged herein, Defendants are liable to Plaintiff for statutory penalties pursuant to California Labor Code section 203. Plaintiff is therefore entitled to recover from Defendants the statutory wage for each day she was not paid, up to thirty (30)

days maximum, pursuant to California Labor Code section 203, as well as attorneys' fees and costs pursuant to Labor Code sections 1194 and 218.5.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### IN VIOLATION OF CAL. LABOR CODE § 226

#### (Against All Defendants)

85.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

86.    Plaintiff was an employee of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

87.    Labor Code section 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked each hourly rate by the employee.

88.    Defendants violated Labor Code section 226(a) every pay period with respect to Plaintiff because Defendants failed to provide a wage statement to Plaintiff that complied with the requirements of Labor Code section  226(a) by failing to accurately state gross wages earned, failing to accurately state total hours worked, failing to accurately state all deductions, failing to accurately state net wages earned, and failing to state all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

89.    As a result of Defendants' violations of Labor Code section 226(a), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorneys' fees under Labor Code section 226(e)(1).

/ / /

/ / /

**EIGHTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES PURSUANT TO**

**CAL. BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**

**(Against All Defendants)**

90.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

91.     Plaintiff hereby brings a claim for Unfair Business Practices against Defendants pursuant to California Business and Professions Code sections 17200, et seq.  The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure section 1021.5.

92.     California Business and Professions Code sections 17200, et seq., prohibit unlawful and unfair business practices.  Plaintiff is a "person" within the meaning of California Business and Professions Code section 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable remedies.

93.     California Labor Code section 90.5(a) articulates the public policies of this state to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

94.     Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of California Business and Profession Code sections 17200 et seq., depriving Plaintiff of the rights, benefits, and privileges guaranteed to all employees under the law.

95.     Defendants' conduct, as alleged hereinabove, constituted unfair competition in violation of sections 17200, et seq.

/ / /

/ / /

PLAINTIFF'S COMPLAINT

96.     Defendants, by engaging in the conduct herein alleged including misclassifying Plaintiff as an exempt employee, failing to pay Plaintiff all overtime wages owed to her, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.

97.     Under the provisions of the unfair competition laws and for predicate law violations of the Labor Code, Plaintiff should receive restitution for Defendants' failure to pay all overtime wages owed to her in a sum according to proof for the four (4) years preceding the date of filing of this complaint up to and including the present.

98.     As a result of Defendants' violations of the unfair competition laws, they have unjustly enriched themselves at Plaintiff's expense.

99.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff is entitled to restitution for all of Defendants' ill-gotten gains.

100.    To prevent this unjust enrichment, Defendants should be required to disgorge their illegal gains and make restitution to Plaintiff for the four (4) years preceding the date of filing of this complaint. Pursuant to California Business and Professions Code section 17203, Plaintiff requests restitution of all sums obtained by Defendants in violation of the unfair competition laws, for the four years preceding the date of filing of this complaint up to and including the present.

101.    Unless and until enjoined and restrained by order of this Court, Defendants may cause repeated injuries to Defendants' California employees by willfully misclassifying non-exempt workers as exempt employees and depriving them of such protections, rights, benefits, and monies which they are entitled to under California law.

102.    This Court should issue a preliminary injunction and permanent injunction enjoining and restraining Defendants, and their agents, employees, and anyone acting in concert with them or for or on their behalf, from misclassifying employees in California as exempt employees, and engaging in any other unlawful practices as proscribed by California law.

103.    Unless restrained by this Court, Plaintiff believes Defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to the California Business and Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendants, its agents or employees, of any unlawful or deceptive

business practice, which may be necessary to restore to Plaintiff the money Defendants have unlawfully failed to pay her.

104.   Plaintiff further seeks attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## NINTH CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF CAL. GOVERNMENT CODE § 12940 ET SEQ.

### (Against All Defendants)

105.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

106.   At all times mentioned herein California's Fair Employment and Housing Act ("FEHA") embodied in Government Code section 12940 et seq. was in full force and effect and was binding on Defendants and each of them.

107.   However, Plaintiff did not receive proper protections and benefits entitled to her under the FEHA.

108.   Specifically, Government Code section 12940 states in relevant part, "It is an unlawful employment practice…   For an employer, because of the race, … color, national origin, ancestry … gender … to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

109.   At all relevant times, Defendants discriminated against Plaintiff by refusing to treat Plaintiff as it did similarly situated employees.  Notably, Plaintiff is informed and believes, and thereon alleges, that Defendants assigned Plaintiff to international accounts in Asia and refused to assign Plaintiff any consequential accounts in the United States because of her race, national origin and ancestry as a Taiwanese American.  This discrimination caused Plaintiff to work significantly more hours than her counterparts as she had to cater to accounts in Asia during business hours in China while simultaneously maintaining work hours in the United States based on regular work hours here. Plaintiff was also denied the opportunity to represent other accounts, accounts which may have been more lucrative than those assigned to her – directly affecting her earning potential.

/ / /

110.    As a direct and proximate result of Defendants' violation of California Government Code section 12940 et. seq., Plaintiff suffered substantial loss of benefits in an amount according to proof at the time of trial.

111.    At all times relevant times herein, Defendants, and each of them, knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described hereinabove, would and did directly and proximately result in emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, humiliation and loss of confidence.

112.    The acts and conduct of Defendants, and each of them, constituted "malice," "oppression," and/or "fraud" (as those terms are defined in Civil Code section 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff. Furthermore, the act and conduct of Defendants constituted oppression, fraud or malice through the authorization, ratification, for direct participation, in the aforementioned conduct against Plaintiff by its officers, directors or managing agents, and Plaintiff's supervisors.

113.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code section 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

114.    Plaintiff exhausted her administrative remedies by filing a complaint with the Department of Fair Housing and Employment ("DFEH") prior to the filing of this action.  The DFEH issued Plaintiff an immediate right-to-sue letter prior to the filing of this action which is attached hereto as Exhibit B.

115.    As further direct and proximate result of Defendants' violation of law, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this Court and subject to proof at the time of trial. Plaintiff is entitled to attorneys' fees pursuant to Government Code section 12965(b).

## **TENTH CAUSE OF ACTION**

### **DECLARATORY RELIEF**

### **(Against All Defendants)**

116.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

117.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and interests under the Non-Competition Agreement, and therefore, Plaintiff desires a judicial determination of the respective parties' rights and interests under the Non-Competition Agreement.

118.    Paragraph 16 of the Non-Competition Agreement provides in pertinent part: "Employee agrees that this Agreement shall be governed by the laws of the State of Texas, without giving effect to any conflict of law provisions." Paragraph 16 of the Non-Competition Agreement also contains an invalid choice of forum clause requiring Plaintiff to agree to the State of Texas as the forum for the any claims arising out of the Non-Competition Agreement.  Paragraph 16 is a violation of and unenforceable under California Labor Code section 925 which prohibits an employer to require an employee who resides and works in California to adjudicate claims arising in California outside the State or to "deprive the employee of the substantive protection of California law with respect to a controversy arising in California."  This Paragraph is void and unenforceable under California Labor Code section 925 and it is against California public policy because throughout her employment, Plaintiff lived and worked in California and performed virtually all of her work duties and obligations under the Agreement in California.   Furthermore, Defendants required Plaintiff to enter into the Non-Competition Agreement as a condition of commencing her employment with Defendants, and Plaintiff signed the Non-Competition Agreement on February 2, 2018 without legal representation, after Labor Code section 925 went into effect. As such, Plaintiff desires a judicial declaration that the Texas choice of law and forum selection in the Non-Competition Agreement are void and unenforceable in light of California Labor Code section 925 as against California public policy. Plaintiff desires a judicial declaration from this Court that California law should govern all disputes between the parties relating to the Non-Competition Agreement, and that any claims arising therefrom should be adjudicated by this Court in the State of California.

119.    Paragraph 5 of the Non-Competition Agreement provides in pertinent part: "Employee agrees that, during Employee's employment and for a period of one year following Employee's termination or separation (for any reason), Employee will not accept employment or engage in any business activity (whether as a principal, partner, joint venturer, agent, employee, salesperson, consultant, independent contractor, director or officer)," with a "Competitor of the Company where such employment would involve Employee: (i) providing, selling or attempting to sell, or assisting in the sale or attempted sale of, any services or products competitive with or similar to those services or products with which Employee had any involvement, and/or regarding which Employee had Information, during Employee's employment with the Company (including any products or services being researched or developed by the Company during Employee's employment with the Company); or (ii) providing or performing services that are similar to any services that Employee provides to or performed for the Company during Employee's employment with the Company. For purposes of this provision, a 'Competitor' is any business or entity that, at any time during the one-year period following Employee's termination or separation, provides or seeks to provide, any products or services similar or related to any products sold or any services provided by the Company. 'Competitor' includes, without limitation, any company or business that provides data colocation and related services to businesses or entities."

120.    Moreover, Paragraph 5 of the Non-Competition Agreement is also void and unenforceable as drafted because it violates California public policy and the plain language of California Business and Professions Code section 16600. Section 16600 of California's Business and Professions Code provides: "[E]very contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The code section is an expression of the state's strong public policy protecting an employee's right to select the employer he or she desires. (See *Metro Traffic Control, Inc. v. Shadow Traffic Network* (1994) 22 Cal.App.4th 853, 859, stating "California courts have consistently declared [16600] an expression of public policy to ensure that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice."). Unless a contractual restraint falls into one of section 16600's three statutory exceptions—(i) sale of goodwill or interest in a business under § 16601; (ii) dissolution of a partnership under § 16602, or (iii) dissolution or sale of an LLC under § 16602.5—it

1   "ostensibly is void." *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.* (2018) 28 Cal.App.5th 923,

2   935.

3       121.   Here, Plaintiff does not fit within any of the narrow exceptions set forth above, and

4   therefore, Plaintiff desires a judicial declaration that any portion of Paragraph 5 which restrains Plaintiff

5   in any way after her employment with Defendants had ceased, is void and unenforceable as against

6   California public policy.

7       122.   Paragraph 6 of the Non-Competition Agreement provides in pertinent part: "During

8   Employee's employment and for a period of one year following Employee's termination or

9   separation from the Company for any reason, Employee will not, for the purpose of doing competitive

10  business, directly or indirectly, through any person or entity, communicate with (i) any of the Company's

11  customers known to Employee during his employment with Company and from which the Company

12  generated revenue during the one year preceding Employee's termination or separation; or (ii) any

13  prospective customers known to Employee during the one-year period prior to Employee's termination or

14  separation, for the purpose or intention of attempting to sell any Competitor's products or services or

15  attempting to divert business of said customer or prospective customer from the Company to a

16  Competitor."

17      123.   Paragraph 6 of the Non-Competition Agreement is also void and unenforceable as drafted

18  because it violates California public policy and the plain language of California Business and Professions

19  Code section 16600. Here, Plaintiff desires a judicial declaration that any portion of Paragraph 6 which

20  restrains Plaintiff's ability to lawfully compete with Defendants (i.e., competing without using any

21  purported confidential information or trade secrets possessed by Defendants) after her employment with

22  Defendants had ceased, is void and unenforceable as against California public policy.

23      124.   Paragraph 10 of the Non-Competition Agreement provides: "During Employee's

24  employment by the Company and for a period of one year following Employee's termination or separation

25  (for any reason), Employee will not, directly or indirectly, induce or seek to induce any other employee

26  of the Company to terminate his/her employment relationship with the Company, nor will Employee,

27  directly or indirectly, induce or seek to induce any other employee of the Company to accept employment

28  with a Competitor, nor will Employee be involved in the hiring of any other employee of the Company

on behalf of any person or entity other than the Company. Without limitation, Employee will not directly or indirectly, induce or seek to induce any other current or former employee of the Company to violate any of his/her non-compete and/or non-solicitation and/or non-disclosure and/or non-disparagement agreement(s) with the Company."

125. Paragraph 10 of the Non-Competition Agreement is also void and unenforceable because it violates California public policy and the plain language of California Business and Professions Code section 16600, which prohibits restrictions on trade "of any kind"—including post-employment contractual employee non-solicitation agreements like the one at issue here. (See *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937; *AMN Healthcare, Inc. v. Aya Healthcare Servs. Inc.* (2018) 28 Cal.App.5th 923; *Barker v. Insight Glob.*, LLC (N.D. Cal. Jan. 11, 2019) No. 16-cv-07186-BLF, 2019 U.S. Dist. LEXIS 6523; *WeRide Corp. v. Huang* (N.D. Cal. April 1, 2019) 2019 WL 143934.) As such, Plaintiff desires a judicial declaration that Paragraph 10 of the Non-Competition Agreement is void and unenforceable as against California public policy.

126. For the aforementioned reasons, Plaintiff desires a judicial declaration that the Non-Competition Agreement itself and its choice of law and forum are void under California Labor Code section 925 and are against California public policy.

127. The aforementioned judicial declarations are necessary and appropriate at this time in order to avoid a multiplicity of actions, and so that the parties may ascertain their respective rights and interests under the Non-Competition Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JANE HSIEH, prays for judgment against Defendants CYRUSONE LLC, CYRUSONE MANAGEMENT SERVICES, LLC, and DOES 1 through 10, and each of them, as follows:

1. For special damages, according to proof;

2. For compensatory damages, according to proof;

3. For punitive damages, according to proof;

4. For unpaid overtime compensation pursuant to Labor Code sections 510 and 1194, plus interest, according to proof;

5.      For liquidated damages under Labor Code section 1194.2, according to proof;

6.      For statutory penalty under Labor Code section 203, according to proof;

7.      For statutory penalty under Labor Code Section 226, according to proof;

8.      For statutory penalty under Labor Code Section 226.7, according to proof;

9.      For pre-judgment and post-judgment interest, according to proof;

10.     For an award of attorneys' fees as allowed by law or by statute, including pursuant to Labor Code section 1194, according to proof;

11.     For costs of suit incurred herein, according to proof;

12.     For a preliminary and permanent injunction prohibiting defendants from engaging in unlawful practices;

13.     For judicial declarations and decrees of this Court establishing that: (a) the Texas choice of law and forum in Paragraph 16 of the Non-Competition Agreement are voided, that California law should govern all disputes relating to the Non-Competition Agreement, and that any claims arising therefrom should be adjudicated by this Court in the State of California; (b) any portion of Paragraph 5 which restrains Plaintiff in any way after her employment with Defendants had ceased is void and unenforceable as against California public policy; (c) any portion of Paragraph 6 which restrains Plaintiff's ability to lawfully compete with Defendants (i.e., competing without using any purported confidential information or trade secrets possessed by Defendants) after her employment with Defendants had ceased, is void and unenforceable as against California public policy; and (d) the non-solicitation clause in Paragraph 10 of the Non-Competition Agreement is void and unenforceable as against California public policy; and

14.     For such other and further relief as this Court may deem just and proper.

Dated: April 21, 2021                          BOREN, OSHER & LUFTMAN, LLP


                                               _____
                                               Stephen Z. Boren
                                               Lance M. Williams
                                               Attorneys for Plaintiff, JANE HSIEH

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff, JANE HSIEH, hereby demands a jury trial on all causes of action so triable.

3

4     Dated: April 21, 2021                                      BOREN, OSHER & LUFTMAN, LLP

5

6

7                                                                Stephen Z. Boren
Lance M. Williams
8                                                                Attorneys for Plaintiff,
JANE HSIEH
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## NON-DISCLOSURE AND NON-COMPETITION AGREEMENT

**CyrusOne** and its subsidiaries and affiliates (collectively, the "Company") require certain employees to sign non-disclosure and non-competition agreements ("Agreement") as part of the Company's efforts to protect its confidential information and goodwill, and to maintain its competitive position. In consideration of employment, promotion, the provision of confidential information and goodwill and/or other valuable consideration, the employee ("Employee") entering into this Agreement agrees as follows:

1.     The Company provides colocation and associated services to businesses.

2.     In conducting its business, the Company develops and utilizes, among other things, technology, data, research and development, concepts, goodwill, customer relationships, training, and trade secrets. The success of the Company and each of its employees is directly predicated on the protection of the Company's goodwill and its confidential, proprietary, and/or trade secret information. Employee acknowledges that in the course of employment with the Company, Employee will be entrusted with, have access to and obtain goodwill belonging to the Company and intimate, detailed, and comprehensive knowledge of confidential, proprietary, and/or trade secret information ("Information") that Employee did not have or have access to prior to signing this Agreement, including some or all of the following: (1) information concerning the Company's products and services; (2) information concerning the Company's customers, suppliers and employees; (3) information concerning the Company's advertising and marketing plans; (4) information concerning the Company's strategies, plans, goals, projections, and objectives; (5) information concerning the Company's research and development activities and initiatives; (6) information concerning the strengths and weaknesses of the Company's products or services; (7) information concerning the costs, profit margins, and pricing associated with the Company's products or services; (8) information concerning the Company's sales strategies, including the manner in which it seeks to position its products and services in the market; (9) financial information concerning the Company's business, including budgets and margin information, and (10) other information considered confidential by the Company. Employee may also be entrusted with and have access to Third Party Information. The term Third Party Information means confidential or trade secret information that the Company may receive from third parties or information which is subject to a duty on the Company's part to maintain the confidentiality of such Third Party Information and to use it only for limited purposes.

3.     Employee agrees that the Information and goodwill are highly valuable, provide a competitive advantage to the Company and allow Employee a unique competitive opportunity and advantage in developing business relationships with the Company's current or prospective customers in the industry. Employee further agrees that, given the markets in which the Company competes, confidentiality of the Information is necessary without regard to any geographic limitation.

4.     Both during and after Employee's employment with the Company, Employee agrees to retain the Information in absolute confidence and not to use the Information, or permit access to or disclose the Information to any person or organization, except as required for Employee to perform Employee's job with the Company. Employee further agrees not to use the

goodwill for the benefit of any person or entity other than the Company. Employee hereby agrees that upon cessation of Employee's employment, for whatever reason and whether voluntary or involuntary, or upon the request of the Company at any time, Employee will immediately surrender to the Company all of the property and other things of value in his possession or in the possession of any person or entity under Employee's control that are the property of the Company, including without any limitation all personal notes, drawings, manuals, documents, photographs, or the like, including copies and derivatives thereof, relating directly or indirectly to any Information or New Developments, or relating directly or indirectly to the business of the Company.

5.     Employee recognizes the need of the Company to prevent unfair competition and to protect the Company's legitimate business interests. Therefore, ancillary to the otherwise enforceable agreements set forth in this Agreement, and to avoid the actual or threatened misappropriation of the Information or goodwill, Employee agrees to the restrictive covenants set forth in this Agreement. Accordingly, Employee agrees that, during Employee's employment and for a period of one year following Employee's termination or separation (for any reason), Employee will not accept employment or engage in any business activity (whether as a principal, partner, joint venturer, agent, employee, salesperson, consultant, independent contractor, director or officer) with a "Competitor" of the Company where such employment would involve Employee:

>    (i)     providing, selling or attempting to sell, or assisting in the sale or attempted sale of, any services or products competitive with or similar to those services or products with which Employee had any involvement, and/or regarding which Employee had any Information, during Employee's employment with the Company (including any products or services being researched or developed by the Company during Employee's employment with the Company); or

>    (ii)     providing or performing services that are similar to any services that Employee provided to or performed for the Company during Employee's employment with the Company.

For purposes of this provision, a "Competitor" is any business or entity that, at any time during the one year period following Employee's termination or separation, provides or seeks to provide, any products or services similar or related to any products sold or any services provided by the Company. "Competitor" includes, without limitation, any company or business that provides data colocation and related services to businesses or entities.

The restrictions set forth in this paragraph will be limited to the geographic areas (i) where Employee performed services for the Company, (ii) where Employee solicited or served the Company's customers or clients, or (iii) otherwise impacted or influenced by Employee's provision of services to the Company.

6.     During Employee's employment and for a period of one year following Employee's termination or separation from the Company for any reason, Employee will not, for the purpose of doing competitive business, directly or indirectly, through any person or entity, communicate with (i) any of the Company's customers known to Employee during his employment with Company and from which the Company generated revenue during the one year

preceding Employee's termination or separation; or (ii) any prospective customers known to Employee during the one-year period prior to Employee's termination or separation, for the purpose or intention of attempting to sell any Competitor's products or services or attempting to divert business of said customer or prospective customer from the Company to a Competitor.

7.  In the event Employee is uncertain as to the application of this Agreement to any contemplated employment opportunity or business activity, Employee agrees to inquire in writing of the Company's Department of Human Resources, specifying the contemplated opportunity or activity. The Company will attempt to respond within ten (10) business days following receipt of said writing. In no event will the Company's failure to respond within ten business days constitute a waiver of any of the provisions of this Agreement.

8.  All ideas, inventions, discoveries, concepts, trademarks, or other developments or improvements, whether patentable or not, conceived by Employee, alone or with others, at any time during the term of Employee's employment, whether or not during working hours or on Employer's premises, which are within the scope of or related to the business operations of the Company ("New Developments"), shall be and remain the exclusive property of the Company. Employee shall do all things reasonably necessary to ensure ownership of such New Developments by the Company, including the execution of documents assigning and transferring to the Company, all of Employee's rights, title, and interest in and to such New Developments, and the execution of all documents required to enable the Company to file and obtain patents, trademarks, and copyrights in the United States and foreign countries on any of such New Developments.

9.  Employee will not disparage the Company in any way which could adversely affect the goodwill, reputation, and business relationships of the Company with the public generally, or with any of their customers, suppliers, or employees.

10. During Employee's employment by the Company and for a period of one year following Employee's termination or separation (for any reason), Employee will not, directly or indirectly, induce or seek to induce any other employee of the Company to terminate his/her employment relationship with the Company, nor will Employee, directly or indirectly, induce or seek to induce any other employee of the Company to accept employment with a Competitor, nor will Employee be involved in the hiring of any other employee of the Company on behalf of any person or entity other than the Company. Without limitation, Employee will not directly or indirectly, induce or seek to induce any other current or former employee of the Company to violate any of his/her non-compete and/or non-solicitation and/or non-disclosure and/or non-disparagement agreement(s) with the Company.

11. During Employee's employment by the Company and for a period of one year following Employee's termination or separation (for any reason), Employee will, before accepting an offer of employment from any person or entity, provide such person or entity a copy of this Agreement. Employee authorizes the Company to provide a copy of this Agreement to any and all future employers of Employee.

12. Employee represents that Employee is not bound by any agreement or other duty to a former employer or any other party that would prevent Employee from complying with any obligations hereunder.

13. Employee further agrees and consents that this Agreement and the rights, duties, and obligations contained in it may be and are fully transferable and/or assignable by the Company, and shall be binding upon and inure to the benefit of the Company's successors, transferees, or assigns.

14. Employee further agrees that any breach or threatened breach of this Agreement would result in material damage and immediate and irreparable harm to the Company. Employee further agrees that any breach of the covenant not to compete described herein would result in the inevitable disclosure of Company's confidential, proprietary and trade secret Information. Employee therefore agrees that the Company, in addition to any other rights and remedies available to it, shall be entitled to obtain an immediate injunction, whether temporary, preliminary, or permanent, in the event of any such breach or threatened breach by Employee. Employee acknowledges that the prohibitions and obligations contained in this Agreement are reasonable and do not prevent Employee's ability to use Employee's general abilities and skills to obtain gainful employment. Therefore, Employee agrees that Employee will not sustain monetary damages in the event that Company obtains a temporary, preliminary or permanent injunction to enforce this Agreement.

15. If in any judicial proceeding, a court refuses to enforce any of the restrictive covenants (or any part thereof) in this Agreement, then such unenforceable covenant(s) shall be eliminated from this Agreement to the extent necessary to permit the remaining separate covenants to be enforced.  In the event that any of the restrictive covenants are deemed to exceed the time, geographic or scope limitations permitted by applicable law, then such provision shall be reformed to the maximum time, geographic or scope limitation, as the case may be, then permitted by such law.  Furthermore, it is agreed that any period of restriction or covenant hereinabove stated shall not include any period of violation or period of time required for litigation or arbitration to enforce such restrictions or covenants.

16. Employee agrees that this Agreement shall be governed by the laws of the State of Texas, without giving effect to any conflict of law provisions.  Employee further voluntarily consents and agrees that the state or federal courts located in Denton County, Texas:  (i) must be utilized solely and exclusively to hear any action arising out of or relating to this Agreement; and (ii) are a proper venue for any such action and Employee consents to the exercise by such court of personal jurisdiction over Employee for any such action.

17. If any of the provisions in this Agreement conflict with similar provisions in any other document or agreement related to Employee's employment with Company, the provisions of this Agreement will apply; provided, however, if the restrictions set forth in the other document or agreement at issue are broader in scope that those in this Agreement and are enforceable under applicable law, those restrictions will apply.  To the extent that any portion of this Agreement is deemed unenforceable as to the application to specific facts and circumstances, such portion may, without invalidating the remainder of the Agreement, be modified to the limited extent necessary to cure such unenforceability.

18. This Agreement does not obligate Company to employ Employee for any period of time and Employee's employment is "at will."

**Signature:** *Jane Hsieh*
Jane Hsieh (Feb 2, 2018)

**Email:** janeyhsieh@gmail.com

# Exhibit B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 21, 2021

Saba Zafar
222 N. Pacific Coast Highway,
Suite 2222
El Segundo, California 90245

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202104-13307220
        Right to Sue: Hsieh / CyrusOne, LLC et al.

Dear Saba Zafar:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                  KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 21, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202104-13307220
      Right to Sue: Hsieh / CyrusOne, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 21, 2021

Jane Hsieh
4839 Elester Drive
San Jose, California 95124

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202104-13307220
      Right to Sue: Hsieh / CyrusOne, LLC et al.

Dear Jane Hsieh:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective April 21, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jane Hsieh                                                    DFEH No. 202104-13307220

Complainant,

vs.

CyrusOne, LLC
2850 N HARWOOD ST STE 2200
Dallas, Texas 75201

CyrusOne Management Services, LLC
2101 CEDAR SPRINGS ROAD STE 900
Dallas, Texas 75201

Respondents

_____

**1.** Respondent **CyrusOne, LLC** is an **employer CyrusOne, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **CyrusOne Management Services, LLC** business as Co-Respondent(s).

**3.** Complainant **Jane Hsieh**, resides in the City of **San Jose,** State of **California.**

**4.** Complainant alleges that on or about **January 29, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color and as a result of the discrimination was denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** Jane Hsieh was employed by Defendants from on or about March 5, 2018 through January 29, 2021. Her first position with Respondents was Business Development Manager. Her compensation included a base salary and commissions based on certain sales; however, Respondents changed her commission structure frequently. During her employment, Respondents discriminated against Ms. Hsieh by refusing to treat her as it did similarly situated employees.  Notably, Ms. Hsieh believes that Respondents

Date Filed: April 21, 2021

1  assigned her to international accounts in Asia and refused to assign her any consequential
accounts in the United States because of her race, national origin and ancestry as a
2  Taiwanese American.  This discrimination caused Ms. Hsieh to work significantly more
hours than her counterparts as she had to cater to accounts in Asia during business hours in
3  China while simultaneously maintaining work hours in the United States based on regular
work hours here. Ms. Hsieh was also denied the opportunity to represent other accounts,
4  accounts which may have been more lucrative than those assigned to her – directly
affecting her earning potential.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
*Complaint – DFEH No. 202104-13307220*

Date Filed: April 21, 2021

VERIFICATION

I, **Saba Zafar**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On April 21, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**El Segundo, CA**

-3-
*Complaint – DFEH No. 202104-13307220*

Date Filed: April 21, 2021

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

E-FILED
**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

4/21/2021 4:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV382004
Reviewed By: R. Cachux
Envelope: 6289489

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CYRUSONE, LLC, a Delaware limited liability company; CYRUSONE MANAGEMENT SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANE HSIEH, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Downtown Superior Court<br>191 North First Street<br>San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):*<br>21CV382004 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen Z. Boren, Lance M. Williams; Boren, Osher & Luftman, LLP; 222 N. Pacific Coast Hwy., Ste. 2222; (310) 322-2021

| DATE: 4/21/2021 4:25 PM<br>*(Fecha)* | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Cachux | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Stephen Z. Boren (192024); Lance M. Williams (282508) <br> Boren, Osher & Luftman, LLP <br> 222 North Pacific Coast Highway, Suite 2222; El Segundo, CA 90245 <br><br> TELEPHONE NO.: (310) 322-2021  FAX NO. *(Optional):* (310) 322-2228 <br> ATTORNEY FOR *(Name):* Plaintiff Jane Hsieh | *FOR COURT USE ONLY* <br><br> **Electronically Filed** <br> **by Superior Court of CA,** <br> **County of Santa Clara,** <br> **on 4/21/2021 4:25 PM** <br> **Reviewed By: R. Cachux** <br> **Case #21CV382004** <br> **Envelope: 6289489** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Jane Hsieh v. CyrusOne, LLC, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [×] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 21CV382004 <br><br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[×] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [×] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [×] monetary b. [×] nonmonetary; declaratory or injunctive relief c. [×] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is [×] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 21, 2021

Stephen Z. Boren
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

# EXHIBIT B

BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
J.P. SCHREIBER, CA Bar No. 317829
john.schreiber@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendants
CYRUSONE, LLC and CYRUSONE
MANAGEMENT SERVICES, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| JANE HSIEH, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>CYRUSONE, LLC, Delaware limited liability company; CYRUSONE MANAGEMENT SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 21CV382004<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br><br>Action Filed:　April 21, 2021<br>Trial Date:　　None Set |

Defendants CyrusOne, LLC and CyrusOne Management Services, LLC (together, "Defendants") hereby answer the unverified Complaint of plaintiff Jane Hsieh ("Plaintiff") on file herein as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation in the Complaint, and specifically deny that Plaintiff was damaged in the sum alleged or in any other sum, or at all, by reason of any conduct on the part of Defendants or any of their officers, agents, or employees.  Defendants further answer Plaintiff's Complaint as follows.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint, and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure Sections 337, 338(a), 339(1), 340(a)-(c) and/or 343, California Labor Code Section 203(b), California Government Code Sections 12960 and 12965, and any other applicable statutes.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies and/or Contractual Remedies)

3.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies and/or contractual remedies.

\\

\\

\\

**FOURTH AFFIRMATIVE DEFENSE**

**(Exemption from Labor Code and Wage Order Requirements)**

4.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff was exempt from the minimum wage, overtime, meal break, rest break, and other requirements contained in the Labor Code and in the applicable wage orders of the Industrial Welfare Commission.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Liability for Hours That Are Not Working Time)**

5.     The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Overtime)**

6.     The Complaint, and each and every cause of action alleged therein, is barred on the ground that to the extent Plaintiff did work any overtime, which Defendants deny because Plaintiff was exempt, such work was not authorized by Defendants and was performed without Defendants' knowledge.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct / Good Faith)**

7.     The damages and penalties sought by the Complaint are barred because at all relevant times, Defendants did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code, or any other law related to the matters alleged in the Complaint, but rather acted in good faith and had reasonable grounds for believing that they did not violate those provisions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Injury by Wage Statements/Not Knowing and Intentional)**

8.     Plaintiff is not entitled to any penalties pursuant to California Labor Code Section 226(e) because she did not suffer injury as a result of a knowing and intentional failure by

Defendants to comply with California Labor Code Section 226(a).

## NINTH AFFIRMATIVE DEFENSE

### (Reimbursement of Business Expenses)

9.      Plaintiff's claim under Labor Code Section 221 is barred, in whole or in part, because, at all relevant times, Defendants reimbursed her for the costs of any expenses purportedly incurred in the discharge of her duties and/or did not otherwise require her to bear such costs.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonable Deduction)

10.      Plaintiff's claim under Labor Code sections 221 is barred, in whole or in part, because the IWC Wage Orders specifically permit an employer to make a reasonable deduction and/or obtain reimbursement from an employee for losses and shortages caused by an employee's dishonest or willful act or gross negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.      The Complaint, and each and every purported cause of action alleged therein, is barred by Plaintiff's waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Balancing of Hardships)

12.      Plaintiff is not entitled to injunctive or declaratory relief because the benefit of such relief, if any, is slight compared to the harm Defendants will suffer if injunctive relief or declaratory relief is permitted.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Injury)

13.      Plaintiff is not entitled to injunctive or declaratory relief because she will not suffer any irreparable injury if injunctive or declaratory relief is declined.

\\

\\

\\

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(Same Decision)**

3          14.      The Complaint, and each and every purported cause of action alleged therein, is

4    barred, in whole or in part, because, to the extent Plaintiff can prove that any mixed motive

5    discrimination occurred, all employment actions taken would have been taken on the basis of

6    legitimate, non-discriminatory and non-retaliatory business reasons.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

8

**(Avoidable Consequences)**

9          15.      The Complaint, and each and every purported cause of action alleged therein, is

10   barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff

11   unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged

12   damages would have been avoided by such action.

13

**SIXTEENTH AFFIRMATIVE DEFENSE**

14

**(Business Necessity)**

15         16.      The Complaint, and each and every purported cause of action alleged therein, is

16   barred, in whole or in part, because any and all purportedly wrongful conduct alleged by Plaintiff

17   was necessitated due to business necessity.

18

**SEVENTEENTH AFFIRMATIVE DEFENSE**

19

**(After-Acquired Evidence)**

20         17.      The Complaint, and each and every purported cause of action alleged therein, is

21   barred, or any damages reduced, by after-acquired evidence.

22

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23

**(Workers' Compensation Exclusivity)**

24         18.      The Complaint, and each and every purported cause of action alleged therein, is

25   barred, in whole or in part, because Plaintiff's exclusive remedy for any alleged damages is

26   governed by the California Workers' Compensation Act – California Labor Code §§ 3200 *et seq.*

27   \\

28   \\

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

### (Res Judicata and Estoppel)

3

19.     The Complaint, and each purported cause of action alleged therein, is barred, in

4

whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6

### (Consent)

7

20.     The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff

8

consented to and/or acquiesced in the alleged conduct by Defendants of which Plaintiff now

9

complains.

10

## TWENTY-FIRST AFFIRMATIVE DEFENSE

11

### (Appropriate Remedial Action Taken by Employer)

12

21.     The Complaint, and each and every cause of action alleged therein, is barred, in

13

whole or in part, because Defendants took all reasonable steps to prevent any alleged

14

discrimination once Defendants were made aware of Plaintiff's complaints.

15

## TWENTY-SECOND AFFIRMATIVE DEFENSE

16

### (Failure to Mitigate Damages)

17

22.     Plaintiff is barred, in whole or in part, from recovering any damages, or any

18

recovery of damages must be reduced, excused, and/or discharged, by virtue of Plaintiff's failure to

19

exercise reasonable diligence to mitigate her alleged damages.

20

## TWENTY-THIRD AFFIRMATIVE DEFENSE

21

### (Laches)

22

23.     The Complaint, and each and every purported cause of action alleged therein, is

23

barred, in whole or in part, by the equitable doctrine of laches.

24

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

25

### (Unclean Hands)

26

24.     The Complaint, and each and every purported cause of action alleged therein, is

27

barred, in whole or in part, by the doctrine of unclean hands.

28

\\

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Preemption)**

25.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of preemption including, but not limited to, Plaintiff's claims for loss of employment benefits which are preempted by the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*) and her claims which are preempted by the California Workers' Compensation Act.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Justification and Privilege)**

26.     Defendants allege that they cannot be liable for any alleged violation of the Business and Professions Code §§ 17200 *et seq.*, because its actions, conduct and/or dealings with Plaintiff were lawful, and were carried out in good faith and for legitimate business purposes.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Excessive Penalties)**

27.     The penalties and damages sought by the Complaint are barred insofar as they would be excessive and disproportionate to the harm alleged, and further, Defendants allege that the imposition of any penalties would violate Defendants' constitutional rights under the provisions of the United States and California Constitutions, including the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Excessive Fines and the Cruel and Unusual Punishment clauses of the Eighth Amendment of the United States Constitution, and the Due Process and Excessive Fines clauses contained in the California Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Duplicative Penalties)**

28.     The claims alleged in the Complaint are barred, in whole or in part, to the extent that multiple penalties or remedies are sought for the same conduct.

\\

\\

\\

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, Oppressive or Confiscatory Penalties)

29.     Plaintiff is not entitled to recover any award of penalties as alleged in the Complaint to the extent that such an award would be unjust, arbitrary, oppressive, or confiscatory.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Corporate Defendant)

30.     Defendants are not liable to Plaintiff for punitive damages because neither Defendants nor any of their officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code Section 3294(b).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Punitive Damages)

31.     Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to these Defendants pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

32.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is party to an arbitration agreement that precludes her from pursuing litigation in court.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Release)

33.     Plaintiff's claims are barred, in whole or in part, to the extent any or all claims were released and/or previously settled by Plaintiff.

\\

\\

1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Good Faith Dispute)

3      34.    Plaintiff cannot recover waiting time penalties because any alleged failure to pay

4  wages was based on a good faith dispute regarding the applicable law or facts.

5

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

6

### (No Derivative Claims)

7      35.    Plaintiff's claims for waiting time penalties, wage statement violations, and

8  violation of the UCL are barred because they are wholly derivative of other alleged Labor Code

9  violations and thus are not actionable and improperly seek double recovery.

10  //

11

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

12

### (No Inadequate Remedy)

13     36.    Plaintiff's claim for violation of the Unfair Competition Law (Bus. & Prof. Code §§

14  17200, *et seq*.) is barred because Plaintiff does not lack an adequate remedy at law.

15

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

16

### (Offset, Set Off and Recoupment)

17     37.    Defendants are entitled under the doctrine of offset and recoupment to offset all

18  extra payments or overpayments and/or all obligations Plaintiff owed to Defendants against any

19  judgment.

20

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

21

### (Standing)

22     38.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to

23  assert some of all of the claims in the complaint and/or to seek some or all of the relief sought.

24

### THIRTY-NINTH AFFIRMATIVE DEFENSE

25

### (Legitimate, Non-Discriminatory Reason)

26     37.    Plaintiff's claims are barred, in whole or in part, because Defendants had legitimate,

27  non-discriminatory reasons for its conduct toward Plaintiff.

28  \\

**RESERVATION OF RIGHTS**

Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendants may share some responsibility.  Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1.    That the Complaint be dismissed in its entirety and that Plaintiff take nothing by her Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;

3.    That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.    That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED:  June 22, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
BRIAN D. BERRY
J.P. SCHREIBER

Attorneys for Defendants
CYRUSONE, LLC and CYRUSONE MANAGEMENT SERVICES, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

*Jane Hsieh v. CyrusOne, LLC et al.*
California Superior Court, County of Santa Clara
Case No. 21CV382004

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On June 22, 2021, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Stephen Z. Boren                                    Attorneys for Plaintiff
Lance M. Williams
BOREN, OSHER & LUFTMAN, LLP
222 North Pacific Coast Hwy, Suite 2222
El Segundo, CA 90245
Tel:      (310) 322-2021
Fax:     (310) 322-2228
E-Mail:  sboren@bollaw.com
            lwilliams@bollaw.com

☐  **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐  **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐   the written confirmation of counsel in this action:

☐   [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

☐     [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 22, 2021 at Antioch, California.

_____

Jessica E. Libbey

# EXHIBIT C

POS-010
System System

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen Z. Boren<br>Bar #: 192024<br>222 N. Pacific Coast Hwy., Suite 2222, El Segundo, CA 90245<br><br>TELEPHONE NO.: (310) 322-2021        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/26/2021 4:17 PM<br>Reviewed By: System System<br>Case #21CV382004<br>Envelope: 6528481** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | |
|---|---|
| STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE:San Jose, 95113<br>BRANCH NAME: Downtown Superior Court | |

| PLAINTIFF/PETITIONER: JANE HSIEH<br>DEFENDANT/RESPONDENT: CYRUSONE, LLC, et al. | CASE NUMBER:<br>21CV382004 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No:<br>Hsieh v. CyrusOne (CA) |

(Separate proof of service is required for each party served)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
    a. ☑ Civil Lawsuit Notice
    b. ☑ Civil Case Cover Sheet
    c. ☑ Summons
    d. ☑ ADR Sheet
    e. ☑ Complaint

3.  a. Party served (specify name of party as shown on documents served):
        CyrusOne, LLC
    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
        **Trudy Desbiens, Customer Service Liaison for Registered Agent CSC - Lawyers Incorporating Service**
4. Address where the party was served:
    2710 Gateway Oaks Dr, Suite 150N, Sacramento, CA 95833
5. I served the party (check proper box)
    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): May 24, 2021     at (time): 1:03 pm
    b. ☐ **by substituted service.** On (date):        at (time):        I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

        1. ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        2. ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general natures of the papers.
        3. ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general natures of the papers.
        4. ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). I mailed the documents on
            (date):        from (city):        or ☐ a declaration of mailing is attached.
        5. ☐ I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JANE HSIEH<br>DEFENDANT/RESPONDENT: CYRUSONE, LLC, et al. | CASE NUMBER:<br>21CV382004 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

on *(date):*                               from *(city):*

     1. ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

     2. ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.30.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant

   b. ☐ as the person sued under the fictious name of *(specify):*

   c. ☐ as occupant

   d. ☒ On behalf of *(specify):* **CyrusOne, LLC**

     under the following Code of Civil Procedure section:

     ☒ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)

     ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)

     ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

     ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

     ☐ 416.50 (public entity)                ☐ 415.46 (occupant)

                                              ☐ other:

7. **Person who served papers**

   a. Name: Tonya Gutierrez

   b. Address: 1016 Galleon Way, Sacramento, CA 95838

   c. Telephone number: (916) 889-2818

   d. **The fee** for service was: $75.00

   e. I Am:

     1. ☐ not a registered California process server

     2. ☐ exempt from registration under Business and Professions Code section 22350(b).

     3. ☑ a registered California process server:

        i. ☑ owner     ☐ employee     ☐ independent contractor

        ii. Registration No.: 2018-63

        iii. County: Sacramento

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and I** certify that the foregoing is true and correct..

Date: **5/25/2021**

     Tonya Gutierrez                             ▶ *Tonya Gutierrez*

   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

21CV382004
Santa Clara – Civil

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen Z. Boren<br>Bar #: 192024<br>222 N. Pacific Coast Hwy., Suite 2222, El Segundo, CA 90245<br><br>TELEPHONE NO.: (310) 322-2021          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): **Plaintiff** | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 5/26/2021 4:17 PM**<br>**Reviewed By: System System**<br>**Case #21CV382004**<br>**Envelope: 6528481** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA |
|---|
| STREET ADDRESS: 191 North First Street |
| MAILING ADDRESS: 191 North First Street |
| CITY AND ZIP CODE: San Jose, 95113 |
| BRANCH NAME: Downtown Superior Court |

| PLAINTIFF/PETITIONER: JANE HSIEH<br>DEFENDANT/RESPONDENT: CYRUSONE, LLC, et al. | CASE NUMBER:<br>21CV382004 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No:<br>Hsieh v. CyrusOne (CA) |

(Separate proof of service is required for each party served)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Civil Lawsuit Notice
   b. ☑ Civil Case Cover Sheet
   c. ☑ Summons
   d. ☑ ADR Sheet
   e. ☑ Complaint

3. a. Party served (specify name of party as shown on documents served):
   CyrusOne Management Services, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
   **Trudy Desbiens Customer Service Liaison for Registered Agent CSC - Lawyers Incorporating Service**

4. Address where the party was served:
   2710 Gateway Oaks Dr, Suite 150N, Sacramento, CA 95833

5. I served the party (check proper box)
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): May 24, 2021      at (time): 1:05 pm
   b. ☐ **by substituted service.** On (date):                at (time):            . I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      1. ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      2. ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general natures of the papers.
      3. ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      4. ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). I mailed the documents on
         (date):                from (city):                **or** ☐ a declaration of mailing is attached.
      5. ☐ I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: JANE HSIEH<br>DEFENDANT/RESPONDENT: CYRUSONE, LLC, et al. | CASE NUMBER:<br>21CV382004 |
|---|---|

    c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        on *(date):*                        from *(city):*

        1. [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

        2. [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.30.)

    d. [ ] **by other means** *(specify means of service and authorizing code section):*

      [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [ ] as an individual defendant
    b. [ ] as the person sued under the fictious name of *(specify):*
    c. [ ] as occupant
    d. [X] On behalf of *(specify):* **CyrusOne Management Services, LLC**
        under the following Code of Civil Procedure section:

      [X] 416.10 (corporation)                [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)         [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association)   [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership)      [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)             [ ] 415.46 (occupant)
                                      [ ] other:

7. **Person who served papers**
    a. Name: Tonya Gutierrez
    b. Address: 1016 Galleon Way, Sacramento, CA 95838
    c. Telephone number: (916) 889-2818
    d. **The fee** for service was: $ **75.00**
    e. I Am:
        1. [ ] not a registered California process server
        2. [ ] exempt from registration under Business and Professions Code section 22350(b).
        3. [✓] a registered California process server:
            i. [✓] owner [ ] employee [ ] independent contractor
            ii. Registration No.: 2018-63
            iii. County: Sacramento

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. [ ] **I am a California sheriff or marshal and I** certify that the foregoing is true and correct..

Date: **5/25/2021**

Tonya Gutierrez                    ▶ *(signature)*

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

Page 2 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|